## THE PONDVILLE COMPANY vs. CLARK.

The mere insolvency of a corporation neither impairs its power to manage its affairs, nor converts its property into a trust fund for the benefit of its creditors.

The case of Catlin v. The Eagle Bank of New Haven, 6 Conn. R., 233, cited and approved.

A creditor of an insolvent joint stock corporation is not, by reason of his being a stockholder in and indebted to such corporation by his promissory note given in payment of his subscription for his stock, deprived of any right to recover his claim, which other creditors of said corporation have.

Therefore, in an action by a corporation upon such note, it was held, that the defendant being such stockholder and creditor, might set-off against the plaintiffs' demand a claim for lumber sold by him to the corporation.

THIS was an action upon a promissory note, brought by the Pondville company, a joint stock corporation duly organized under the statute laws of this state, against Sylvester W. Clark. Said note was dated November 3d, 1853, and was for the sum of ninety-seven dollars and twenty-three cents, payable on demand with interest.

The defendant pleaded the general issue, with notice of special matter to be given in evidence. The cause was tried at the term of the superior court for the county of Middlesex, holden in November, 1855, when the following facts were found by the court.

The plaintiffs proved that the note in question was given as part of the defendant's subscription to the capital stock of the company. The defendant proved that at the time he subscribed for the stock, it was understood by him that he should be permitted to pay his subscription in lumber, and that in pursuance of this understanding, he, as one of the firm of Gladwin & Clark, delivered to the plaintiffs certain lumber, which was used in constructing the building in which the plaintiffs were to carry on their business, but no binding agreement was proved that the subscription should be payable in lumber. The defendant proved the delivery of the lumber, and that the plaintiffs were justly indebted to Gladwin & Clark therefor. And that the account had become the sole property of the defendant, being set apart to the defendant at its full value, in a division of the partnership effects; of all which the plaintiffs had notice before the present suit was brought. Said company, at the time of giving the note, was insolvent, and had then ceased to do any business except such as was connected with winding up its concerns, and never had resumed its business, but continued insolvent. The plaintiffs thereupon claimed that the defendant could not by law set-off the account for lumber against a note given for subscription for stock. It was not claimed that the company had gone into bankruptcy, or that its effects were in the hands of trustees. Upon these facts the question, whether the defendant was entitled to make the set-off claimed by him, was reserved for the advice of this court.

*W. D. Shipman* and *Vinal*, for the plaintiffs.

The set-off insisted on by the defendant should not be allowed, because,

1. The claims of the plaintiffs and defendant are not mutual debts, by a fair construction of that term. They are not due in the " *same right*." *Palmer* v. *Green*, 6 Conn. R., 14. *Hutchins* v. *State Bank*, 12 Met., 421. *Whittington* v. *Farmers Bank*, 5 Har. & J., 489. *Union Bank* v. *State of Tennessee*, 9 Yer., 490.

2. To allow the defendant, who is a stockholder, to set-off his debt, in this case, is, in effect, allowing him to withdraw so much of the capital stock, and to apply it to the payment of his own claim. This would be a fraud on the other creditors, and would be a violation of the spirit of the 214th section of the act relating to joint stock companies. Rev. Stat., 230.

3. This note is a part of the capital stock of the corporation, which constitutes the trust fund, for the payment of its debts. *Wood* v. *Dummer*, 3 Mas., 308. *Ward* v. *Griswoldville Manuf. Co.*, 16 Conn. R., 593.

The capital stock being a trust fund upon which the creditors of the corporation have relied, the directors, especially after the corporation has become insolvent, should be deemed trustees for the benefit of the creditors generally.

As such trustees, they are bound to collect the subscriptions to the capital stock remaining unpaid, and they have no right to take less than the amount of each man's subscription. *Goodwin* v. *McGehee*, 15 Ala., 232. *Ward* v. *Griswoldville Manuf. Co.*, 16 Conn. R., 593. *Eastern Bank* v. *Capron*, 22 Conn. R., 639. *Nathan* v. *Whitlock*, 3 Edw. Ch., 205. *Mann* v. *Cook*, 20 Conn. R., 178.

4. If this set-off is allowed, the defendant will be permitted to pay a portion of his subscription in a depreciated debt, purchased by him of a third party. This would open the door for numberless frauds. *Goodwin* v. *McGehee*, 15 Ala., 232,

*Ingham* and *Culver* for the defendant.

1. The facts which appear in the finding, clearly bring the set-off sought to be made, within the express provisions of the statute. Rev. Stat., 81.

2. There is a strong equity in favor of allowing the set-off, arising from the facts in the case as found by the court.

3. The fact that the plaintiffs were not able to pay their debts in full, when the suit was commenced and the note was given, is not a reason why the account for the lumber should not be set-off against the note.

1st. Giving the note certainly could not change the nature of the debt, of which the note was only evidence, nor in any way vary the rights of the parties. 2. It not being claimed that the plaintiffs have gone into bankruptcy, or their effects into the hands of a trustee, they are the *real* plaintiffs and party in interest on the record. 3. If the plaintiffs should recover, *non-constat* that their creditors would be benefited thereby. But whether they would or not, no injustice will be done to them in allowing the set-off. They will stand on precisely the same ground as they would if the defendant had paid his subscription in gold, and with that gold the plaintiffs had purchased of him the identical lumber in question. The creditors have no right to claim that the defendant shall pay his subscription twice.

STORRS, J. If one or more natural persons were the plaintiffs in this case, there is no doubt that, under our statute of set-off, (Rev. Stat., 81,) the defendant would be entitled to the set-off which he claims. The mere insolvency of the plaintiffs, using that term in its ordinary sense, to denote generally an inability to pay their debts, would not prevent them from paying the debt due to the defendant, in preference to any other of their debts, or of applying it towards the payment of the plaintiffs' claim, or of making any other arrangement for the liquidation of their indebtedness which they chose, in the same manner as if they were solvent; and it might equally be collected of them by a suit in favor of the defendant, or by a set-off in a suit brought by them against

him, or it might be factorized by the defendant's creditors. The occurrence of such insolvency would not take away, or at all impair, their previous power to manage their affairs, nor would it convert of itself, their property into a trust fund for the benefit of their creditors. These principles are so familiar that it would be unnecessary to state them, were it not proper for the purpose of showing their applicability to a suit like the present, which is brought to recover a debt due to an insolvent corporation, between which and natural persons, it has been claimed that, in the respects which have been mentioned, there is a difference, in the event of insolvency. That these principles are applicable to an insolvent corporation, as well as to an insolvent individual, and to as full an extent, is decisively settled in the case of *Catlin* v. *The Eagle Bank of New Haven*, (6 Conn. R., 233.) The particular question there presented was, whether a corporation, after it had become insolvent, could prefer one of its creditors to another, by paying or giving security to the former; and this depended on the question whether the mere insolvency of the corporation converted its estate into a trust fund for all its creditors. It was held that it did not, and therefore that such preference might be given; and that the insolvency of the corporation no more impaired its power to manage its concerns and deal with its property, than if it had been a natural person. The reasons for the opinion of the court in that case, are given so fully, and are so satisfactory, that we need only to refer to them. From the doctrine there established it necessarily results, that the insolvency of the plaintiffs in this case, constitutes no objection to the claim of set-off made by the defendant, which is in the nature of a cross-action against the plaintiffs, and a mode provided by law by which a debtor, sued by his creditor, may, in that suit, recover an independent claim which he has against such creditor, by having it applied on the debt due from him, and to which, as well as to any other legal mode, the defendant has a right to resort for the recovery of his claim. All the estate of the plaintiffs, of whatever description, including the debt due from the defendant, was liable, as well after, as before

they became insolvent, to be taken and appropriated for the payment of their debts, by any of their creditors who should take the requisite steps for that purpose; and the circumstance that the defendant was a stockholder, as well as creditor, of the plaintiffs' corporation, deprived him of no right to recover his claim against it, to which any of its other creditors was entitled.

The plaintiffs claim that as the note, on which this suit is brought, was given for the defendant's share of the stock of the corporation, it constituted a part of its capital, and by allowing the set-off claimed by the defendant, he is permitted to withdraw a part of such capital; and that this would be a fraud on the other creditors of the company, and a violation of the 214th section of the act relating to joint stock corporations, which provides that "if the capital stock of any such corporation shall be withdrawn and refunded to the stockholders, before the payment of all the debts of the corporation for which such stock would have been liable, the stockholders of such corporation shall be liable to any such creditor of such corporation, in an action founded on [that] statute, to the amount of the sum refunded to them respectively as aforesaid." (Rev. Stat., 230.) The answer to this claim is obvious. The defendant would withdraw no part of such capital as a stockholder, but would only appropriate according to law, as a creditor of the plaintiffs, in payment of his debt against them, a portion of that capital which was designed to be protected as a fund for the benefit of their creditors, and would only exercise the same right as any other creditor, whether a stockholder or not, would possess. And why should he as a creditor stand on worse ground, in recovering his debt, than any other creditor? And, so far from contravening that provision of the act referred to, such set-off would be in exact accordance with its design, as it was its very object, to have the capital first appropriated to the payment of the debts of the corporation; and the defendant, moreover, instead of withdrawing or refunding to himself, as a stockholder, any part of the capital, diminishes his

interest as such to the extent of the amount of his propor-
tion of what he thus appropriates to himself as a creditor.

We therefore advise the superior court to allow the set-off
claimed by the defendant, and to render judgment ac-
cordingly.

In this opinion, HINMAN, J. concurred.

Set-off allowed, and judgment accordingly.