## SUPREME COURT.

JOHN C. ANGELL, receiver, &c., agt. JOHN SILSBURY and others.

"Whenever a judgment at law, or a decree in equity, shall be obtained against *any corporation*, incorporated under the laws of this state, and an execution issued thereon shall have been returned unsatisfied, in part or in whole, upon the petition of the person obtaining such judgment or decree, or his respresentatives, the supreme court may sequestrate the stock, property, things in action, and effects of such corporation, and may appoint a receiver of the same." (2 *R. S., p.* 463, § 36.)

*Held*, that the power of the receiver, under this section, is not confined merely to the payment of the plaintiff's judgment; but he is authorized to proceed and act for all the creditors.

In the case of *moneyed* corporations, when insolvent, this act, in the subsequent sections, provide for their being wound up, and their dissolution, while such proceedings against other corporations do not necessarily lead to such a result.

The court have the power, and in such a case as this its exercise is proper, on payment of the plaintiff's claim and costs, in the absence of any evidence to show that any other creditor has sought to avail himself of the benefits of this action, to order it to be *discontinued*, and the receiver to be discharged.

*New York Special Term, October*, 1859.

The defendant moves to dissolve an injunction granted

in favor of the plaintiff, who was appointed receiver of the American Timber Bending Company, upon the return of an execution against the company unsatisfied, by virtue of the provisions of 2 *Revised Statutes; p.* 463, § 36.

The injunction restrains the defendants, other than the insolvent corporation, from disposing of any property which belongs to that corporation, and was assigned to the defendants, or any of them, after its insolvency was ascertained.

INGRAHAM, Justice. The first objection is, as to the power of the receiver, and whether he acts as receiver, merely to pay the plaintiff's judgment, or as a receiver for all the creditors.

This question appears to have been examined in several cases cited on the argument, some of which were moneyed corporations, and subject to different provisions from others; but the opinions expressed in these cases do not appear to be confined exclusively to that class.

In *Bangs* agt. *McIntosh* (23 *Barb., p.* 591), Mr. Justice SMITH says : "The remedy, under section 36, is summary and of serious consequences. * * * * It is not like a creditor's bill, a proceeding in behalf of the creditor, instituting the proceeding, for he obtains no preference, and is only to be paid rateably with the other creditors; and in *Mann* agt. *Pentz* (3 *Seld.,* 415), Mr. Justice PRATT, referring to the same section, says the object of the legislature, by the 36th and 37th sections, was simply to provide a summary mode for the payment of *all* its debts, * * * * and again, "The statute provides for an equal distribution of the property among all the creditors, instead of applying it to the payment of the particular creditor whose execution has been returned unsatisfied." The distinction there drawn between moneyed corporations and others, is that in the case of moneyed corporations, when insolvent, the subsequent sections provide for

their being wound up, and their dissolution, while such proceedings against other corporations would not necessarily lead to such a result.

In addition to these decisions, the legislature, by the statutes passed in 1852 (*ch.* 71), provided that receivers appointed under section 36 should be authorized to proceed against directors and others who should improperly dispose of or misapply the property of the corporation.

It is also objected to this injunction against these defendants, that the sale to them was a fair one, within the powers of the' company, and being completed ought not to be enjoined. I am not led to adopt such a conclusion from the affidavits in this case. On the contrary, I am inclined to think the transaction may come within some of the provisions contained in this statute, which makes the property liable to the creditors.

I am not satisfied that any good reason exists for.dissolving the injunction upon the merits.

As to the objection that the receiver has not given sufficient security to take possession of all the property of the company, it is enough to say that such possession of this property is not sought at the present time. The parties interested may at any time apply to the court to have the security increased if necessary.

But while I am of the opinion that the injunction should not be dissolved on this motion, I by no means agree with the plaintiff's counsel that the proceedings may not be discontinued; on the contrary, the court may, on payment of the plaintiff's claim and costs, in the absence of any evidence to show that any other creditor has sought to avail himself of the benefits of this action, order the action to be discontinued and the receiver to be discharged. Although by the proceedings in the action, the plaintiff obtains no priority over other creditors, yet if a voluntary payment is made, there is no ground for further proceeding against the company. The distribution among all the

creditors is only to be upon a final decree in the action (§ 37), and if no final decree is made in consequence of the discontinuance of the action, the provision is inoperative.

The motion to dissolve the injunction is denied, with $10 costs, unless the defendants pay the plaintiff's claim and the costs of this action, in which case the same is granted.