THE HUGUENOT NATIONAL BANK OF NEW PALTZ *against* ALEX-ANDER STUDWELL AND OTHERS.

(Decided March 1st, 1875.)

The by-laws of a corporation organized under the manufacturing corporation act (L. 1848, c. 40) provided that trustees elected should hold office for one year from the time of their election, and until their successors were chosen: *Held*, that trustees elected to fill vacancies continued in office notwithstanding the expiration of the year of office for which their predecessors had been elected, no regular meeting for the election of trustees, as required by the by-laws, having been held, and no successors to them having been elected.

*Held*, also, that the fact that in a proceeding by a creditor a receiver of the corporation had been appointed, and its property sequestrated did not dissolve the corporation, nor prevent them from being trustees.

APPEAL by plaintiff from a judgment in this court entered on the decision of ROBINSON, J., ordering judgment for the defendants after a trial had before him without a jury.

The action was brought against the defendants to recover from them personally the amount of a debt due to the plaintiff from the American Hand Pegging Machine Company, on account of the failure of the company to make and file the annual reports required by the statute. The facts of the case on which

judgment was ordered for the defendants are stated in the opinion.

*M. McN. Walsh*, for appellant.

*J. J. Perry*, for respondents.

LARREMORE, J.—The American Hand Pegging Machine Company was incorporated December 21, 1866, in pursuance of a general act of the Legislature of this State, passed February 17, 1848 (Session Laws, 1848, ch. 40), and the acts amendatory thereof.

It is by said act provided (§ 3), that the business of said corporation shall be managed by not less than three nor more than nine trustees, annually elected, at such time and place as shall be directed by the by-laws of said company ; and that any vacancy occurring in said board of trustees shall be filled for the *remainder* of the year, in such manner as may be provided for by the by-laws of said company. It is in said act further provided, that if such annual election be not held on the day designated, it may be held on any other day, in such manner as shall be provided for by the by-laws of the company ; and all acts of the trustees shall be valid and binding as against the company, until their successors shall be elected.

The by-laws of said corporation provided that the trustees shall be elected at the annual meeting thereof, and shall hold office for one year from the time of such election, and until their successors are chosen ; and that any vacancy in said board may be filled by the trustees for the current year. The time for holding the annual meeting to elect trustees of said company is the last Monday before Christmas in each year. No such election was held in December, 1868, nor at any time since. The defendants were respectively elected trustees thereof, on the following days : Samuel I. Keese, August 25, 1868 ; Adam R. McCoy, August 27, 1868 ; Alex. Studwell, September 15, 1868 ; Geo. S. Studwell, October 17, 1868.

Section 12 of said act of February 17, 1848, requires that every company organized thereunder shall, within twenty days

from the first day of January in each year, make, publish and file a report, showing the amount of capital, indebtedness, &c., and for a failure so to do all the trustees thereof are declared to be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made.

No such report was ever made by the American Hand Pegging Machine Company within twenty days from January 1, 1869, nor at any time thereafter. In the months of June and July, 1868, said company made and delivered certain promissory notes, which were discounted by the plaintiff before their maturity, and for the recovery of the amount due thereon, viz.: $4,947 62 and interest, this action was brought. It does not appear that either of the defendants ever formally resigned, or that any successor to either of them was ever chosen.

In December, 1868, proceedings in equity were instituted against said corporation by a judgment creditor in pursuance of the statute, for the sequestration of its property and the appointment of a receiver thereof. On the 6th of January, 1869, an order was made by the court in which said proceedings were pending, directing the appointment of such receiver, and the delivery to him by said corporation and its officers of all its corporate property and effects. This order was fully complied with January 20, 1869, on which last-mentioned day the defendants joined with the officers of said company in executing an assignment of a portion of its property, in which assignment the defendants are described as, and personally acknowledged themselves to be, trustees of said company. No act of said defendants, as trustees, has been shown subsequent to January 20, 1869.

The liability imposed by the 12th section of the " Act to authorize the formation of corporations for manufacturing, mining," and other purposes, has been clearly defined in the court of last resort in the following cases: *Garrison* v. *Howe*, 17 N. Y. 458; *Boughton* v. *Otis*, 21 N. Y. 261; *Shaler & Hall Quarry Co.* v. *Bliss*, 27 N. Y. 297; *Chambers* v. *Lewis*, 28 N. Y. 459; *Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y. 412; *Deming* v. *Puleston*, 55 N. Y. 655. It will be neces-

sary only to apply the test furnished by these adjudications to the facts of this case, for the determination of this appeal.

The elements of such liability are trusteeship, existence of the debt and failure to make a report. The omission last mentioned is conceded by the defendants, and it also appears in evidence that plaintiff's claim was an existing debt at the time of such failure. The only ground, therefore, upon which defendants can avoid their responsibility is that of non-trusteeship. Though elected to fill vacancies, said defendants were, by the statute and the by-laws of the company, clothed with the same powers and subject to the same liabilities during their respective terms, as they would have been if elected on the day designated for said annual election. The authority of said trustees to act after the expiration of their term, and until their successors shall be elected, though permissive by the statute is made a duty by the by-laws of said company, which provides that trustees shall hold office until their successors are chosen. Whatever doubt might exist as to the law of this case is fully removed by the evidence. The learned Justice who tried the cause has found as a fact " that the defendants, according to the fourth by-law of the corporation, were to hold office until their successors were chosen." Nor was any attempt made on their part to controvert the fact upon which such a conclusion was based. On the contrary, they recognized the existence of their continued relations with said corporation by joining in the said assignment of January 20th, 1869.

In view of the facts, the conclusion follows that the defendants were trustees within the meaning of the statute at the time when the failure to file said report occurred, unless the proceedings in equity against said corporation, for the sequestration of its property, dissolved their official relations as such trustees.

These proceedings were instituted under the provisions of the Revised Statutes (5th ed. of R. S., vol. 3, p. 763, § 53), by a judgment creditor of said corporation, upon which a receiver of its property was appointed. It does not appear that any final decree or distribution was ever made in said proceedings, in pursuance of the statute.

Did said proceedings work such a dissolution of said corpo-

ration as to divest the defendants of their liability under said act?

It was held in the following cases, that neither mere insolvency of a corporation, nor proceedings in insolvency, nor the appointment of a receiver of the corporate property, would effect a dissolution of the corporate existence (*Pondville Co.* v. *Clark*, 25 Conn. 97; *Coburn* v. *Boston Paper Man'g Co.* 10 Gray, 243; *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353; Angell & Ames on Corp. §§ 770 and 773; see also *Angell* v. *Salisbury*, 19 How. Pr. Rep. 48; *Howe* v. *Deuel*, 43 Barb. 504; *Lea* v. *American & Pacific Canal Co.* 3 Abb. N. S. 1).

The case of *Slee* v. *Bloom* (19 Johns. 456), holds that if a corporation suffer a sacrifice of all its property, and its trustees actually relinquish their trust, and do no one act manifesting an intention to resume their corporate functions, a virtual surrender of the corporate rights and dissolution is presumed. But the decision in this case, as well as that in *Penniman* v. *Briggs* (8 Cow. 387), was put upon the distinct ground that the remedy afforded was in favor of a *creditor* against the individual members of a corporation. None of the authorities cited establish the theory that the trustees of a corporation can avail themselves of its quasi-dissolution to avoid a liability imposed by the statute in favor of creditors. For aught that appears in the case, the American Hand Pegging Machine Company may have satisfied the claim of the judgment creditor in said proceedings to sequester its property, and said company may now be in the full exercise and possession of all its corporate powers. Its actual or virtual dissolution, as against creditors, is not to be presumed, but must be established by proof.

The defendants therefore, being authorized by the statute, and required by the by-laws of said company, to hold office until their successors are chosen and having manifested their intention to do so by joining in the execution of said assignment, must be regarded as trustees of said company at the time of its failure to make said report, unless it be shown that their official relations with said company had then terminated.

The judgment in this case should be reversed, and a new trial ordered, with costs to abide event.

DALY, Ch. J., and J. F. DALY, J., concurred.

Ordered accordingly.