Mo Adam, C. J.
Issues were joined in these actions February 18, 1887. An order was entered on the same day in an action in the supreme court, brought by Charles H. Meiggs against The American Opera Company, declaring it insolvent, and sequestering all its property and effects for its creditors, and restraining all further business or interference therewith by any of 'its officers or agents, and appointing Thomas Gr. Rigney, as “receiver of all its property, rights and things in action, with the usual powers and duties as provided by law.” Final judgment was entered in said action March 22, 1887, confirming said appointment in all things. The receiver qualified and entered upon the duties of his office. In the judgment it is provided “that the defendant corporation, and each and every person claiming-to act by or under any authority, office or power derived from it, be permanently restrained and enjoined from attempting to exercise any power or authority over any of the assets or property rights thereof.” The two actions in the city court terminated in judgment for the plaintiff, April 23, 1887. The defendant was represented on the trial *537 by its present attorneys, Eaton & Lewis, and these attorneys, on behalf of the defendant (the opera company), served notices of appeal, May 2, 1887, which were retained, without objection, by the plaintiff’s attorney until May nineteenth, when they were returned for irregularity, in this, that the attorneys who served the notices had been practically superseded by the sequestration and receivership. If the opera company had been the plaintiff, prosecuting for rights of property, the transfer of its intereest therein to the receiver might have been a good objection to an appeal subsequently taken by the corporation. Mills v. Hoag, 7 Paige, 18; Hackley v. Hope, 2 Ct. App. Dec., 298.
But here the corporation is merely exercising its natural right of defense, which is not superseded by the sequestration and the appointment of a receiver. The receiver neither urges nor opposes the appeals taken, and seems indifferent respecting them. What control he could assert, if he chose to need not be considered, because he has made no application in the premises. The supreme court action was not brought to dissolve the corporation (Code, § 1785), nor does the judgment undertake to dissolve it. It merely sequesters the property of the corporation (section 1784), and, until judgment dissolving the corporation and ending its existence, any contract may be enforced against it, as well after as before the appointment of a receiver (Pringle v. Woolworth, 90 N. Y., at pp. 510, 511). If this be so, it must follow as a necessary consequence that the appointment of a receiver does not take away from the insolvent corporation the right-to defend itself by all legal means against hostile proceedings prosecuted against it. The plaintiffs herein continued the prosecution of the actions against the corporation after the appointment of the receiver, and its right of defense, which was conceded to and exercised by it at the trial, does .not end until the litigation is finally brought to a close, according to the forms of practice laid down by the ' Code. The sequestration of the assets of the corporation operates to interrupt and suspend its ordinary business, but does not necessarily affect the corporate franchise (Mann v. Pentz, 3 N. Y., at p. 419), and if the assets prove more than sufficient to liquidate its liabilities, the surplus goes back to the corporation, where it legally belongs. The corporation need not await the final distribution, for on paying its creditors it is entitled to have the action for sequestration discontinued and the receiver discharged (Angell, rec’r, v. Silsbury, 19 How. Pr., 48). The court cannot, under such circumstances, hold that the-corporation has lost its right to prosecute these appeals in defending itself from a liability which it disputes, and which under certain possibilities, it may ultimately have to discharge.
For these reasons the application must be denied, but without costs.