Howe *v.* Deuel.

It is strange that the very ground upon which Judge Edmonds discharged the attachment in *Hernstien* v. *Matthewson*, (5 *How. Pr. R.* 196,) did not lead him to doubt the correctness of his construction of section 227 of the code.

I think the order appealed from should be affirmed, with costs.

INGRAHAM, J. Where the action is to recover the value of personal property, I see no reason why an attachment may not issue. I concur that the attachment should not issue in *actions for* torts against the person.

CLERKE, J. The words "creditors" can not be applied to the plaintiff in an action of tort.

Order affirmed.

[NEW YORK GENERAL TERM, February 6, 1865. *Ingraham, Clerke* and *Sutherland*, Justices.]

---

## HOWE *vs.* DEUEL and others.

The visitorial powers conferred upon the court of chancery by the article of the revised statutes (*vol.* 2, *pp.* 462, 463,) relative to proceedings against corporations in equity, can only be exercised by the supreme court on an application made at the instance of the attorney general, or of a creditor of the corporation, or of a director, trustee or other officer having a general superintendence of its concerns.

An action can not be brought, under the statute, by a *stockholder*, against the corporation and its trustees, to have the corporation dissolved, and restrained from the exercise of corporate powers; to restrain the trustees from exercising any powers as trustees; and for the appointment of a receiver and the sale of the property of the corporation.

Nor can the court entertain such an action, or grant the relief asked for, under its general powers as a court of equity.

In no case, except in respect to moneyed corporations, or insolvent corporations, can a stockholder have a receiver appointed, on a preliminary injunction, with authority to take entire possession of the corporation, and thereby work its dissolution.

Yet, on the application of a stockholder, charging fraud againt some of the trustees or directors, *it seems,* such directors or trustees may be restrained by injunction from committing any such fraudulent acts as are charged. But such injunction should apply only to the particular acts complained of, and not to the general business of the corporation.

APPEAL from an order made at a special term, granting an injunction and directing the appointment of a receiver. The facts appear in the opinion.

*By the Court,* INGRAHAM, P. J. The plaintiff as a stockholder of the Nevada Water Works Company, brought this action to procure a dissolution of the company, and asks for an injunction and a receiver. The corporation is organized under the act for the incorporation of manufacturing and mining companies, of this state, but its business is carried on in another state. The plaintiff charges a conspiracy to cheat and defraud himself and other stockholders, by a majority of the trustees, and prays that the company may be dissolved and may be restrained from the exercise of corporate powers ; that the defendants, the trustees named, may be restrained from exercising any power as trustees ; that a receiver may be appointed ; that the property of the corporation may be sold, and after paying the debts of the company may be divided among the stockholders ; that the trustees who are made defendants may be compelled to pay all moneys belonging to the company received by them and not paid over, and that an account thereof be taken ; and that the plaintiff recover against such trustees the damages sustained by him and the other stockholders, who may come in and contribute to the expenses of this action.

Upon the filing of this complaint a motion was made, on notice, for an injunction and the appointment of a receiver, and an order was made at special term appointing a receiver, directing the delivery to him of all the books, property and effects of the company, and all the property, works, &c. of the company whether in this state or in California,

or .elsewhere.    And the company was further ordered to con-
vey to the receiver all the property of the corporation, and the
receiver was authorized to carry on the business of the com-
pany in California.    The defendants who were trustees, and
the company itself, were also restrained from interfering with
the management of the business and affairs of the com-
pany, and from receiving any of the debts due the company,
or any part of its income.    From this order the defendants
appealed.

It is very evident from the prayer of the complaint and
the provisions of the order appealed from, that this com-
plaint and the proceedings thereon are framed and taken
under the provisions of the *Revised Statutes, 2d vol. pp.* 462,
463.    The court is asked to exercise all the visitorial powers
conferred on the court of chancery by that chapter.    Such
powers can only be exercised on an application made at the
instance of the attorney general, or of a creditor of such cor-
poration, or of a director, trustee or other officer, of such
corporation, having a general superintendence of its concerns.
(*Sec.* 35.)    As this action is brought by a stockholder
merely, it is very evident that it can not be sustained under
these provisions of the statute.    These are the only visi-
torial powers bestowed on the court under the revised stat-
utes, and if the proceedings at the special term can be
sustained at all it must be under the general powers of the
court as a court of equity, or under some special statutory
provision authorizing such proceedings.

In *Lattimer* v. *Eddy,* before the general term of this dis-
trict, in which the application was for an injunction and
receiver, it was held that there was no authority to suspend
all the business of the corporation in this manner, and a
doubt was expressed whether the injunction could be granted
without appointing a receiver, with power to carry on the
business in California.    I am not prepared to assent to all
the propositions so stated, in a case brought under the pro-
visions of the revised statutes to which I have referred.    In

such a case very full powers are given to the court to compel delinquent trustees to account for their official conduct, to pay for moneys acquired by violation of their duties, to suspend trustees from acting when they have abused their trust, and to order new elections to fill their places. The power to appoint a receiver, in such cases, appears to be limited to a period after judgment at law, or a decree in equity be recovered against the corporation. (*Sec.* 36.) It is not, however, necessary for me to examine further that decision, as the plaintiff here does not bear the relation to the corporation which he necessarily should do to enable him to invoke the visitorial powers of this court. Besides, that decision being a decision of the general term, is binding upon the court until reversed either by a general term or the court of appeals, and I must therefore consider it the law of this court. I conclude, therefore, not only under that decision, but also for the reason that the plaintiff does not belong to any of the classes enumerated in the statute who may bring such an action, that the plaintiff can not maintain this action under the provisions of the revised statutes referred to.

It only remains to inquire whether the court, under its general powers as a court of equity, can make the order appealed from. I had occasion, in January last, at special term, to examine the question as to the power of the court to appoint a receiver, before judgment, in an action by a stockholder against the trustees or directors of a corporation, and then came the conclusion that no such power existed, either under the revised statutes or under the code, before judgment, except in case of insolvency or on the application of creditors to enforce payment of their demands. The 244th section of the code prescribes the various cases in which a receiver may be appointed. So far as that relates to a corporation, the 4th subdivision is alone applicable where the order is intended to suspend the business of the corporation. That only applies to cases where the corporation has been dissolv-

ed, is insolvent, or in immediate danger of insolvency, or has forfeited its corporate rights.

. Other provisions which relate to monied corporations need not be examined, because they are not applicable to this company. That the court has power to restrain a corporation, or its trustees or directors, by injunction, from doing any act in violation of its charter, or in misapplying the funds of the corporation, I have no · doubt but it must be against such specific acts, and not to enjoin them from carrying on the legitimate business of the corporation. Nor can I doubt the power of the court, in like manner, to restrain trustees or directors from fraudulent dispositions or the corporate property, or a misapplication of the funds. (*Robinson* v. *Smith*, 3 *Paige*, 222. *Munt* v. *The Shrewsbury and Chester Railway Company*, 3 *Eng. Law and Eq. R.* 144.) Various cases may be found cited in *Hoffman's Pr. R.* (*pp.* 267, 268,) to the same effect. But I have been unable to find any cases where, except in regard to monied corporations or insolvent corporations, a stockholder may have a receiver appointed on a preliminary injunction, with authority to take entire possession of the corporation, and thereby work its dissolution. It is said in this case the plaintiff asks for such dissolution. This is so, in the complaint, but such an application can only be made by the attorney general ; (*Code,* § 430 ; *Smith* v. *Metropolitan Gas Light Co.,* 12 *How. Pr. Rep.* 187 ;) or by the parties specified in section 35 of the revised statutes, above referred to.

· I do not think in this action any such dissolution can be ordered, and therefore the appointment of a receiver with a view to that result, would be improper.

But while I am of the opinion that a receiver should not be appointed to take possession of the property of a corporation on the application of a stockholder charging fraud against some of the trustees or directors, I see no reason why such directors may not be restrained by injunction, from committing any such fraudulent acts, on the application of a stockholder ; but

such injunction should not apply to the general business of the corporation, but to the particular acts complained of. The acts alleged in the complaint, if truly charged against the defendants, show gross violations of duty on their part, and an injunction prohibiting any such use of the corporate property might well be granted ; but I see no ground on which the injunction against carrying on the general business of the company can be sustained.

My conclusion is that the order appealed from should be reversed, with $10 costs, without prejudice to an application at special term for an injunction against the particular act complained of.

[NEW YORK GENERAL TERM, February 6, 1865. *Ingraham, Clerke* and *Sutherland,* Justices.]