# SUPREME COURT.

## THE PEOPLE OF THE STATE OF NEW YORK agt. THE ERIE RAILWAY COMPANY.

It is the duty of the *attorney general*, under § 405 of the Code, whenever he shall have reason to believe that any of the acts or omissions specified in that section can be established by proof, to apply to the court for leave, and upon leave granted, to bring an action in the name of the people of the state, for the purpose of vacating or annulling the existence of a *corporation* (other than municipal), in every case of public interest.

An action cannot be maintained under the Revised Statutes, relative to proceedings against corporations in equity, by a *stockholder* against the corporation and its trustees, to restrain the trustees from exercising any powers as trustees, and for the *appointment of a receiver* of the property and effects of the corporation.

No mere creditor of a corporation can have a receiver appointed until he has a *judgment and execution returned unsatisfied.*

In this action the court enjoin the defendant, its directors, officers, trustees and agents from delivering to any receiver heretofore appointed in other actions against the defendant by stockholders, possession of the Erie Railway Company, but they are required to deliver possession to any receiver who shall be appointed in this action.

A *referee* is also appointed to thoroughly examine into the transactions, affairs and condition of all actions affecting the Erie Railway Company and the directors thereof, with instructions to report to this court with all convenient speed. The directors of the defendant, in the meantime, being forbidden from exercising any doubtful powers or authority without the sanction of this court, and from issuing any new convertible bonds of the Railway Company and from converting any bonds of the company into stock thereof.

*Broome Special Term, December 1, 1868.*

THIS action was brought by the Attorney General upon leave granted by a justice of this court, residing in the first district, pursuant to section 430 of the Code of Procedure. The attorney general was directed to bring the action in Broome County where a special term of the court was in session. It was brought for the purpose of vacating or annulling the existence of the defendant as a corporation.

The plaintiffs (upon an order to show cause granted at a special term in another district) made a motion for an injunction and receiver.

*Mr.* HAMMOND, *Deputy Attorney General, and Mr.* RED-
FIELD *for the people.*
*Mr.* SHEARMAN *and Others for defendant.*

BALCOM, J. This action is brought by the attorney general
in the name of the people of the state, on leave granted by
a justice of this court. The place of trial is Broome
County.

The action is authorized by section 430 of the Code,
which provides, among other things, that an action may be
brought by the attorney general, in the name of the people
of the state, on leave granted by the supreme court, or a
judge thereof, for the purpose of vacating the charter or
annulling the existence of a corporation, other than munici-
pal, whenever such corporation shall do or omit to do cer-
tain acts; among which are these: 1. Offend against any
of the provisions of the acts creating, altering or renewing
such corporation; or 2. Violate the provisions of any law
by which such corporation shall have foreited its charter by
abuse of its powers; or 5. See sub. 5, § 430 of Code. When-
ever it shall exercise a franchise or privilege not conferred
upon it by law.

This section makes it the duty of the attorney general,
whenever he shall have reason to believe that any of the
acts or omissions specified therein can be established by
proof, to apply for leave, and upon leave granted, to bring
the action in the manner I have mentioned, for the purpose
of vacating or annulling the existence of a corporation, in
every case of public interest.

Sufficient facts are alleged in the complaint to warrant the
bringing of the action, and they have not yet been contro-
verted by affidavits or an answer.

The complaint shows that actions have been commenced
against the defendant and its directors by stockholders of the
defendant, in which actions two different receivers have been
appointed at special terms of this court in the first district,

and one of such receivers has also been appointed receiver by Judge BLATCHFORD of the United States district court in the city of New York.

The general term of this court in the first district, held in in *Howe* agt. *Deuel* and others (43 *Barb.* 504), that the visitorial powers conferred upon the court of chancery by the Revised Statutes, relative to proceedings against corporations in equity, can only be exercised by the supreme court on an application made at the instance of the attorney general, or of a creditor of the corporation, or of a director or other officer having a general superintendence of its concerns; and that an action cannot be maintained under the statute by a stockholder against the corporation and its trustees, to restrain the trustees from exercising any powers as trustees, and for the appointment of a receiver of the property and effects of the corporation. That case holds that trustees may be restrained in such an action from doing illegal acts, but that the supreme court cannot entertain such an action brought by a stockholder and appoint a receiver therein, under its general powers.

I take it to be clear that no mere creditor of a corporation can have a receiver appointed until he has a judgment and an execution returned unsatisfied.

I must regard the decision in *Howe* agt. *Deuel and others* (*supra*), controlling authority, that no receiver of the defendant or of its property and effects should be appointed in an action brought by a stockholder or stockholders of the company; and I cannot avoid the conclusion that the orders appointing receivers in such actions have been hastily made, and they will be reversed by the general term of this court, to which, I understand, appeals have been taken, unless the general term shall overrule its own decision in the case cited, which is supported in some respects by the decision of the court of appeals in *Robertson* agt. *Bullions* (1 *Kern.* 243 *and* 252).

If a receiver can be properly appointed in an action

brought by a stockholder, as such, ten thousand stockholders may bring ten thousand different actions against the railway company and obtain an order in each of them appointing a receiver. Such a state of things would afford a rich harvest for lawyers and receivers, especially if different persons should be appointed receiver; but it would bring woe upon the stockholders and creditors of the company.

The appointment of a receiver by Judge BLATCHFORD was made in an action brought by a stockholder of the railway company; and his order is in conflict with the case of *Howe* agt. *Deuel* (*supra*), and must be regarded as improvidently granted.

I am, therefore, of the opinion it is my duty to enjoin the defendant, its directors, officers, trustees and agents from delivering to any such receiver possession of the Erie Railway, or of any of the property and effects of the Erie Railway Company, but they will be required to deliver possession to any receiver who shall be appointed in this action.

It is conceded that a receiver may be appointed in this action, and the authorities so hold. But ought a receiver to be appointed before the defendant answers the complaint, or has had reasonable time to controvert the allegations therein by affidavits?

The interests involved in this action are of the greatest magnitude, and the greatest care should be exercised in respect to them. I, therefore, hesitate about appointing a receiver in this action at the present time. An order for that purpose would imply that the defendant's charter should be vacated and the existence of the defendant as a corporation annuled.

I think the court should have more specific information than is contained in the complaint before making an absolute order appointing a receiver in the action. I shall, therefore, appoint a referee to thoroughly examine into the transactions, affairs and condition of the defendant, the character and condition of all actions affecting the Erie Railway

People agt. Erie Railway Co.

Company and the directors thereof, with instructions to report to this court with all convenient speed.

But the directors of the defendant should be forbidden and enjoined in the meantime from exercising any doubtful powers or authority without the sanction of this court, and from issuing any new convertible bonds of the railway company, and from converting any bonds of the company into stock thereof.

I ought to add another reason, which influences me to refuse at present to appoint a receiver in this action; and that is, the enormous fees, costs and expenses that would be incurred by a receiver taking possession of the Erie Railway and its property and effects. Of course if anything new should at any time be developed, absolutely requiring the immediate appointment of a receiver herein, the court would not hesitate to appoint one.

I trust the adoption of the foregoing views in an order in this action, will protect the interests of the public, and of all persons who have an interest in a faithful and economical management of the Erie Railway Company, and bring to light the transactions of the directors of the company, so whatever of blame or dishonesty may exist, will rest upon the individuals guilty of it, and not be shared by any who have so conducted themselves as to be worthy of the trust confided to them by the stockholders.

The following order was agreed upon by counsel and entered, pursuant to the foregoing opinion:

At a special term of the supreme court of the state of New York, held at the court house in the city of Binghamton, in the county of Broome, this first day of December, 1868: Present, the Hon. RANSOM BALCOM, Justice. *The People of the State of New York* agt. *The Erie Railway Company.* On reading and filing the complaint in this action, duly verified, the order of a justice of this court, granting leave to the attorney general to bring this action, an order upon the

defendant to show cause why an injunction should not be granted and a receiver appointed; and after hearing the attorney general for the motion, and Mr. Shearman of counsel for the defendant in opposition thereto, it is ordered that the defendant, its trustees, agents and servants, the president, directors and other officers of said defendant, are and each and every of them is hereby enjoined and forbidden from transferring and delivering possession of the defendant's railroad, or any of the property, books, papers or effects of the defendant, or held in trust for it, to any receiver or any person claiming to be a receiver, other than such a receiver as may be appointed in this action; and the directors of the defendant, the Erie Railway Company, are hereby enjoined from refusing or neglecting safely to keep said property and effects for the interests of all concerned, until a receiver be appointed in this action, or until the determination of this action. And said directors are enjoined from neglecting or omitting to run the Erie Railway, and control and manage the property, concerns and affairs of the Erie Railway Company, until a receiver be appointed in this action, or until the determination of this action. But said directors are forbidden and enjoined in the meantime from exercising any doubtful powers or authority without the sanction of this court, and from issuing any new convertible bonds of the company, and from converting any bonds of the company into stock thereof. And to enable the court to decide intelligently whether the Erie Railway Company shall be put under the control of a receiver, Giles W. Hotchkiss, esq., of the city of Binghamton, is hereby appointed a referee to thoroughly examine into the transactions, affairs and condition of said company, and the character and condition of all actions affecting the Erie Railway Company and the directors thereof, and to report to this court with all convenient speed, and file his report, with the evidence taken by him, in the office of the clerk of this court in the city of Binghamton. And said referee is authorized and empowered to

examine the books and papers of the Erie Railway Company, and to examine on oath any persons who he may believe to possess knowledge of matters material to the question referred to him.

J. M. JOHNSON, <em>Clerk.</em>