CORNELIA GILMAN, Respondent, v. THE GREEN POINT SUGAR COMPANY, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

An action against a corporation cannot be maintained by a stockholder to effect a forfeiture of its charter for non-user of its powers within a year. Where an action is brought by the attorney-general for such purpose, it seems a receiver cannot be appointed until judgment in the action.

APPEAL from an order appointing a receiver. The facts appear in the opinion.

Present—INGRAHAM, P. J., CARDOZO and BARNARD, JJ.

INGRAHAM, P. J. The plaintiff as a stockholder sues the defendant, claiming a dissolution of the company on the ground that the business of the company had been suspended more than a year.

There is no difficulty as to all the points raised, except that which relates to the right of the plaintiff being a mere stockholder to maintain such an action.

At Special Term a receiver was appointed, and from that order the defendants appeal.

The provisions of the Revised Statutes which allow of proceeding against corporations for not continuing business for a

year, evidently contemplate proceedings by the attorney-general for a forfeiture of the charter, and a reference to the original act in September, Laws 1825, will show that no provision was made for any proceeding in such cases to be taken by stockholders. It has been repeatedly held that this court has no jurisdiction over these corporations, except such as is conferred by statute; and unless authority, therefore, can be found therein it cannot be exercised.

There are various cases in which this question has been examined, and in which it has been expressly held that no such action can be maintained by a stockholder before' judgment.

The Code, section 430, provides for actions to annul the charter of a corporation by the attorney-general, among other causes for forfeiture by failure to exercise its powers, but that can only be done upon leave of the court.

In *Howe* v. *Deuel* (43 Barb., 504), it was held by the General Term of this district, that in no case could a stockholder, except of a moneyed corporation, have a receiver appointed to take possession of the property of a corporation, and thereby cause a forfeiture of the charter. And it was also held in that case that the court, as a court of equity, could not exercise such a power not given by the statute.

In *Belmont* v. *The Erie Railway Co.* (52 Barb., 637), the same principle was recognized as applicable to a case charging the directors with misconduct in office.

In *Galway* v. *The U. S. Steam Sugar Refining Co.* (36 Barb., 256), it was held that a creditor at large could not maintain such an action; and MULLIN, J., held that the attorney-general only could proceed for a forfeiture for not using its power for a year.

There has been no case cited in which such an action has been sustained by a stockholder. In *Bradt* v. *Benedict* (17 N. Y., 99), it was also held that, to constitute a forfeiture, the surrender must be accepted by the government, or judicially declared; and in *The People* v. *Northern Railroad Company* (53 Barb., 98), and in *same case* (42 N. Y., 217), it

was held that the receiver could be appointed on rendering judgment.

My opinion is, that an action cannot be maintained to effect a forfeiture of the charter for non-user within a year, and that, in any case, even when brought by the attorney-general, the receiver cannot be appointed until judgment in the action.

. The order appointing the receiver should, for this reason, be reversed.

. Order reversed.