## *In re* MALLERY, Collector.

*(Supreme Court, General Term, Fifth Department.   October, 1888.)*

1. TAXATION—ASSESSMENT—CORPORATIONS—DISSOLUTION—TEMPORARY RECEIVERS.
   Code Civil Proc. N. Y. § 1788, relating to the dissolution of corporations, authorizes the court to appoint a temporary receiver. Section 1789 authorizes the court, by an interlocutory order or judgment, to continue a temporary receiver as a permanent receiver, with the powers and authority of a receiver appointed on dissolution of a corporation. 1 Rev. St. p. 389, § 1, provides that "every person shall be assessed in the town or ward where he resides when the assessment is made, for all lands then owned by him within such town or ward and occupied by him." Section 2 provides that "lands occupied by a person other than the owner may be assessed to the occupant, as lands of non-residents, or, if the owner resides in the county in which such lands are located, to such owner." *Held*, that the interlocutory order vested the receiver with title to the property in his hands by virtue of his office, in trust for stockholders and creditors, and that it must be assessed to him.

2. RECEIVERS—APPLICATION TO COMPEL PAYMENT OF TAXES.
   An application to compel a receiver to pay a tax on property in his possession must be made in the action in which he was appointed.

Appeal from special term, Cattaraugus county.

This appeal is from an order overruling preliminary objections, and directing a reference to take proofs on issues of fact raised by the petitioner and opposing affidavits. Code Civil Proc. § 1788, authorizes the court, in an action to dissolve a corporation, to appoint a temporary receiver. Section 1789 authorizes the court, by an interlocutory order or judgment, to continue a temporary

receiver as a permanent receiver.   1 Rev. St. p. 389, § 1, provides that "every person shall be assessed in the town or ward where he resides when the assessment is made, for all lands then owned by him within such town or ward, and occupied by him, or wholly unoccupied." Section 2 provides that "lands occupied by a person other than the owner may be assessed to the occupant, as lands of non-residents, or, if the owner resides in the county in which such lands are located, to such owner."

*Frank S. Smith*, for appellant.   *F. L. Eaton*, for respondent.

DWIGHT, J.  The petitioner is the collector of taxes of Olean.  The appellant is the receiver of the Lackawanna & Pittsburg Railroad Company, appointed such in an action by the people to dissolve the corporation.   The petition is for an order to compel the receiver to pay certain taxes assessed to the railroad company.   There are several preliminary objections to the application; two of which, we think, were well taken, and should have been sustained.   They were—*First*, that the application was not made in the action in which the receiver was appointed; *second*, that the tax was not legally assessed, it having been assessed to the railroad company after the property had passed into the hands of the receiver and the title had vested in him.

The first of these objections is, in a manner, jurisdictional.   The receiver, it is true, is subject to the control of the court, but the court must be moved to the exercise of such control in some action or proceeding of which it has jurisdiction, and the rule seems to be well established that for the purpose of reaching funds in his hands the application must be made in the action in which the receiver was appointed.   The case of *Rinn* v. *Insurance Co.*, 59 N. Y. 143, is a strong one to that effect.   In that case the plaintiff applied to the court, in the action in which she had recovered a judgment against an insurance company, for an order requiring a receiver appointed pending the action to pay her judgment.   The court of appeals reversed the order of the general term granting such application, upon the sole ground that the remedy of the plaintiff must be sought in the action in which the receiver was appointed. See, also, *Riggs* v. *Whitney*, 15 Abb. Pr. 388; *Foundry* v. *Construction Co.*, 33 Hun, 156.   The second objection goes to the merits of the application. The receiver was appointed in December, 1884, by an order which, under the provisions of section 1789 of the Code, conferred upon him all the powers and authority of a permanent receiver.   He was thus, by virtue of his appointment, vested with all the estate, real and personal, of the corporation, and became trustee of such estate for the benefit of its creditors and stockholders. Code Civil Proc. § 1788; 2 Rev. St. p. 469, § 67.   The receiver was therefore both the owner and the occupant of the real estate of the railroad company, and the assessment, not having been made to him, was invalid, and cannot be collected.   1 Rev. St. p. 389, §§ 1, 2; *Trowbridge* v. *Horan*, 78 N. Y. 439. We think that the two objections considered were improperly overruled, and, for that reason, that the order of reference should be reversed.   Order reversed, without costs.   All concur.