### In re SCHUYLER STEAM TOW-BOAT CO.

(*Supreme Court, Special Term, Albany County.* February, 1892.)

1. JURISDICTION—CONFLICT—STATE AND FEDERAL COURTS.
   Code Civil Proc. § 2423, relating to proceedings in the supreme court in the dissolution of corporations, provides that the court, after appointing a receiver, may grant an injunction "restraining the creditors of the corporation from bringing any action against said corporation for the recovery of a sum of money, or from taking any further proceedings in such an action theretofore commenced." *Held* that, the supreme court having appointed a receiver to take charge of the property of a towing-boat company, it can restrain the creditors of such company from subsequently proceeding in admiralty in the federal court.

2. SAME—WHEN TITLE VESTS IN RECEIVER.
   The entry of the order of appointment at once vested the property of the company in the receiver, and subsequent libels in the federal courts cannot avail on the ground that the receiver had not yet filed his bond or taken actual possession; the title of the receiver relating back, on filing his bond, to the entry of the order of appointment.

Proceeding by a majority of the trustees of the Schuyler Steam Tow-Boat Company, a corporation, for its dissolution.

This is an application arising on the return of an order to show cause to restrain certain litigants from further prosecuting libels which have been filed in the United States district court for the eastern district of New York. The petition shows that on the 31st day of July, 1891, Frank D. Sturges was appointed temporary receiver of Schuyler's Steam Tow-Boat Company, under section 2423 of the Code, and that the order so appointing him was entered and filed on the following day; and that on the 4th day of August, 1891, the receiver's bond was duly filed. Subsequent to the filing of the order, but before the filing of the receiver's bond, one Michael Moran filed libels against the boats constituting the property of the company aforesaid; that subsequently, and after the filing of the receiver's bond, a large number of other libels were filed. Injunction granted.

*James W. Eaton,* for receiver. *Carpenter & Mosher,* for M. Moran and others. *McCarthy & Berier,* for Lehigh Valley Coal Company and others. *John A. Anderson,* for libelants for seamen's wages.

PUTNAM, J. It is settled by the court of appeals in a similar case (*In re Christian Jensen Co.*, 28 N. E. Rep. 667) that the filing of the original petition, and entry of the order thereon appointing Frank B. Sturges receiver of the Schuyler Steam Towing Company, at once vested the title of the property of said corporation in said receiver. He could not act until the giving

of his bond, but on filing such bond his title related back to the date of his appointment. The court held in the case cited that, after the filing of the petition and entry of the order, the title of the property being in the receiver, it was in the custody of the law, and the court had the power to prevent any interference with it in any action, and its dissipation or removal by writ of replevin or attachment. See, also, Gluck & B. Rec. § 45, note; *In re. Berry*, 26 Barb. 55; *Smith* v. *Stage Co.*, 18 Abb. Pr. 420; *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480; *In re Mallery*, (Sup.) 2 N. Y. Supp. 437. In the *Jensen Case*, *supra*, the court sustained an order restraining the defendant from proceeding in replevin or attachment levied upon the property after the filing of the petition and entry of the order appointing a receiver, but before the filing of his bond. There is no dispute about the facts of this case. It is conceded that the petition was filed, and that an order appointing a receiver was granted before any of the libels were filed; and hence, when said libels were in fact filed, the title of the property in question was in the receiver as an officer of the court. The property was in the constructive possession of the court. Hence, if the property in question had been seized under a process issued from a state court by the defendant, no question would arise as to the power of this court to restrain the defendants from further proceeding.

Can this court also restrain defendants from proceeding in the federal court? I shall be unable to discuss the very many authorities to which I have been cited, but I have examined and considered most of them. I have finally reached the conclusion that this court having, through its receiver, taken possession of the property in question, before the libels of the defendants were filed in the United States court, it can protect the property so in its possession as against process issued from the federal court as well as from a state court. I think this power is conferred upon this court by section 2423 of the Civil Code. *In re Christian Jensen Co.*, *supra*. That section confers upon the supreme court in this proceeding the same power that exists in a court of equity to restrain parties from proceeding in other courts, state or national. It is true that the supreme court of the state probably cannot stay proceedings in the federal courts, but it may stay parties in any action in the federal courts from proceeding, at least before judgment therein. See *Dinsmore* v. *Neresheimer*, 32 Hun, 206; *Dehon* v. *Foster*, 4 Allen, 550; *Attorney General* v. *Insurance Co.*, 77 N. Y. 272, 277; *Vail* v. *Knapp*, 49 Barb. 308, 309; *Claflin & Co.* v. *Hamlin*, 62 How. Pr. 284; note to section 111, High, Inj. p. 92; *Barry* v. *Brune*, 71 N. Y. 261; *People* v. *Railroad Co.*, 36 How. Pr. 132.

The above cases establish the doctrine laid down in *Dehon* v. *Foster*, *supra*, in which case the court remarked: "The authority of this court, as a court of chancery, upon a proper case being made, to restrain persons within its jurisdiction from prosecuting suits either in the courts of this state or of other states or foreign countries, is clear and indisputable. In the execution of this power courts of equity proceed, not upon any claim of right to interfere with or control the course of proceedings in other tribunals, or to prevent them from adjudicating upon the rights of parties when drawn in controversy, and duly presented for their determination. But the jurisdiction is founded on the clear authority vested in courts of equity over persons within the limits of their jurisdiction, and amenable to process, to restrain them from doing acts which will work an injury to others, and are therefore contrary to equity and good conscience. As the decree of the court in such cases is pointed solely at the party, and does not extend to the tribunal where the suit or proceeding is pending, it is wholly immaterial that the party is prosecuting his action in the courts of a foreign state or country."

The granting of an injunction, as asked for by the moving party, does not at all conflict with the doctrine as laid down in such cases as that of *Riggs*

v. *Johnson Co.*, 6 Wall. 166, and kindred cases, because (1) the injunction asked for herein is not to be directed to the federal court, but to a party to an action therein, to prevent him, as a creditor of the Schuyler Steam Towing Company, from interfering with the property in the constructive possession of the state court through its receiver, and which that court so obtained possession of before the defendant's libels were filed; and (2) because the state court had obtained jurisdiction—obtained title to the property—before the defendant's libels were filed.    The doctrine is well established in both state and federal courts, that the court which first obtained jurisdiction will retain it to the end.    See *Riggs* v. *Johnson Co.*, 6 Wall. 196; *Railroad Co.* v. *Gomila*, 132 U. S. 478, 10 Sup. Ct. Rep. 155; *Wallace* v. *McConnell*, 13 Pet. 136–151; *Taylor* v. *Taintor*, 16 Wall. 370; *Taylor* v. *Carryl*, 20 How. 583; *Hagan* v. *Lucas*, 10 Pet. 400; *Beaston* v. *Bank*, 12 Pet. 102; *Wiswall* v. *Sampson*, 14 How. 52; *Williams* v. *Benedict*, 8 How. 109.    In my judgment, it makes no difference, as to the right of the receiver to hold the property in question, that he had not taken actual possession at the time the libels were filed.    Under the doctrine settled in the *Christian Jensen Case*, *supra*, when the libels were filed and the property attached thereunder, the receiver had the actual title.    The property was then in the constructive possession of the court.

This case differs from those cited by the defendants, where conflicts have arisen between marshals and sheriffs under execution or attachments, in which those authorities hold that the officer who first takes actual possession will hold the property.    In those cases the title of the property was in the debtor.    The sheriff or marshal having the execution or attachment did not acquire title to the property until the seizure by him, and hence the one first seizing held it.    But in this case, by the order of the supreme court, the title at once vested in the receiver before its seizure by the marshal.    When the marshal undertook to take the property it was in the legal custody of the court.    Without attempting to discuss the various cases cited by the defendants, I think them different from this in the regard above mentioned.    In any event, I feel bound by the holding of the court of appeals in the *Jensen Case.*    There a petition was filed and an order appointing a receiver entered on the 10th, in the morning; and, in the afternoon of the same day, the property was replevied and attached, and afterwards the receiver filed his bond.    Of course, the receiver had not taken actual possession when the attachment was levied; yet the court of appeals sustained an order enjoining the defendant from proceeding under his attachment and replevin, holding that the order, when entered, "was effectual to appoint the receiver, and the moment he was appointed he became an officer of the court, and from that time the property of the corporation was *in custodia legis*, and the court had the power to protect and preserve it.    *   *   *    It therefore follows that, when this property was attached and replevied on the 11th day of March, the title was in the receiver, and the property was in the custody of the law, and the court had power to prevent any interference with it in any action, and its dissipation and removal by writ of replevin or attachment."    See, also, Beach, Rec. §§ 200, 201; *Wilson* v. *Allen*, 6 Barb. 542, 545, 546; *Storm* v. *Waddell*, 2 Sandf. Ch. 494.    The latter case holds that the order appointing the receiver in itself is equivalent to an actual levy on the property.

I think it is the general doctrine that, an order being made to appoint a receiver, on his filing the bond required by the order his title relates back to the day of the entry thereof.    In Maryland a different doctrine prevails, and hence the case of *Bank* v. *Beaston*, 7 Gill & J. 428, cited by the defendants, does not apply.    The doctrine so laid down in the *Jensen Case*, and other cases above cited, that the title vested in the receiver on entering the order, and from that time the property was in the custody of the court, and it had power to prevent an interference with such property in any action, means

an action in the federal as well as one in a state court. The title being vested in the receiver on the entry of the order, and hence in the hand of the court, may not be interfered with afterwards by any creditor in any court, state or national.

I am unable to perceive that the case of *Varnum* v. *Hart*, 119 N. Y. 101, 23 N. E. Rep. 183, has any bearing upon this. There the sheriff had seized the property, and had it in his possession before the appointment of a receiver. In *Walling* v. *Miller*, (N. Y. App.) 15 N. E. Rep. 65, although the levy was before the appointment of a receiver, before the sale the receiver had obtained actual possession, and the court held that such sale, the property being in the actual possession of the receiver, was irregular and void. The same doctrine was held in *Wiswall* v. *Sampson*, 14 How. 52. These cases do not bear on a case like this, where the appointment of the receiver and his actual title was prior to any levy. The receiver not having taken actual possession of the property at the time it was seized by defendants, it may be that they are not guilty of any contempt. Defendants were not bound to know that the order in this case appointing a receiver had been granted. It is not conceded that, at the time the libels were filed and the property seized, the defendants had any knowledge that such property was in the custody of the supreme court of the state. In the absence of such knowledge, it is not probable that there could be any contempt. I do not think that the case of *Bank* v. *Schermerhorn*, 9 Paige, 372, aids the defendants. There the question was as to the contempt of the party proceeded against, and the case does not seem to bear on the questions involved here. In that case the court held that where a receiver appointed in a creditors' suit is entitled to the personal property of the defendant, and the rents and profits of his real estate, if the defendant neglects to make an assignment so as to give the receiver a legal title to the property, the court, upon a bill filed by the receiver, will protect his rights against sheriffs and others who have seized upon the property to prevent his obtaining possession thereof; in other words, secure to the receiver the possession of the property. Such is the object of this motion.

Without further comment upon the various cases cited by counsel, I think that the holding of the courts in the cases cited determine that, on granting the order appointing the receiver in this proceeding, and the entry of said order, the receiver at once became vested with the title of the property of the corporation, and, such property from that time being deemed in the custody of this court, such court may and should protect it, and may and should enjoin defendants from proceeding further in the action commenced by them as against the said property; and this, notwithstanding the defendants are proceeding by filing libels in the federal court in admiralty. See *Taylor* v. *Carryl*, 20 How. 583, 584, 589. The motion heretofore made by the receiver in the federal courts, and the order granted thereon, is not an estoppel, especially as the court did not assume to pass upon the merits of the application. The chattel mortgage upon the property, inasmuch as the mortgagee does not elect to take possession by foreclosure, leaves an equity of redemption in the corporation which passed to the receiver, and which he can protect. *Randale* v. *Dunbar*, 14 Wkly. Dig. 332; *West* v. *Crary*, 47 N. Y. 423; *Porter* v. *Parmley*, 52 N. Y. 188. On the whole, I think the motion should be granted. As the matter is of much importance, the receiver should submit the proposed order to counsel for defendants before the same is sent me for my signature.