ISABELLA MERRITT, Respondent, *v.* DERRICK W. SPARLING, as Receiver, Appellant.

*Contempt — receiver in an action of ejectment — not compelled in proceedings under a judgment in another action to pay such judgment.*

John E. Van Etten brought an action of ejectment against Isabella Merritt, in which Derrick W. Sparling was appointed receiver of the premises. Van Etten subsequently recovered a judgment in the action by which it was adjudged that certain crops and fruits harvested by the receiver were the property of Van Etten.

Thereafter Isabella Merritt was ejected from the premises, and she began the present action against the receiver to recover upon certain assigned claims for services rendered the receiver in and about the crops.

Upon the trial of this action she recovered a judgment which the receiver neglected to pay, and thereupon the court made an order in the present action directing the receiver to pay the judgment of Isabella Merritt within twenty days or in default thereof that he be held as in contempt. This order recited a finding by the court that the receiver had received enough moneys from the produce of the farm to pay the judgment.

*Held,* that the application to compel the receiver to pay the judgment should have been made in the action in which he was appointed receiver, and that he could not be punished, as for a contempt, for a failure to pay the judgment in an action in which he was not appointed receiver.

APPEAL by the defendant, Derrick W. Sparling, as receiver, from an order of the Supreme Court, made at the Ulster Special Term, and entered in the office of the clerk of the county of Ulster on the 15th day of January, 1895, adjudging that the defendant pay the plaintiff a judgment recovered by her against him within twenty days from entry of the order and notice thereof, and that in default thereof the defendant be held as in contempt of this court.

*J. E. Van Etten,* for the appellant.

*William Lounsbery,* for the respondent.

MAYHAM, P. J.:

The case discloses that the defendant Sparling was on the 20th of June, 1890, appointed receiver of the crops and fruit growing on a farm for the recovery of possession of which John E. Van Etten was at that time prosecuting an action of ejectment against this plaintiff, which farm she held under a contract of purchase, and that such action was subsequently prosecuted to judgment against this plaintiff in favor of Van Etten, and in such judgment it was, among other things, adjudged that the plaintiff in such action recover the crops and fruits upon the premises, gathered and put in by the receiver, which were therein adjudged to be the property of the plaintiff in that action.

After the plaintiff herein was ejected and dispossessed in that action she commenced and prosecuted this action against the defendant, as receiver, to recover on an alleged assigned account for services rendered for the receiver in gathering crops on the farm and boarding hands while engaged in harvesting thereon.

On the trial of this action the judge directed the jury to find a verdict for the plaintiff against the defendant for $125, subject to the opinion of the court. On that verdict the plaintiff entered judgment for the sum of $236.99, recovery and costs.

The defendant having failed or neglected to pay this judgment, the Special Term, on the 17th day of November, 1894, made the following order:

" Ordered and adjudged that the defendant, Derrick W. Sparling, as receiver, pay or cause to be paid to the plaintiff the judgment recovered by her on the 29th of May, 1893, for $236.99, with interest thereon from the last-mentioned date, with $10.00 costs of this motion, within twenty days from the entry of this order and notice thereof, and that in default thereof the said defendant be held as in contempt of this court."

By the recital in this order the judge found " that there was received into the hands of the receiver of the produce of the farm, of which he was appointed by the court the receiver, sufficient to

provide moneys out of which he could pay and discharge the plaintiff's said judgment."

The defendant, in his affidavit in opposition to this motion, positively denies that he took possession of any crops, employed any hands to gather the same, or promised or agreed to pay the plaintiff for boarding hands in harvesting or gathering the same.

From the order above recited the defendant appeals.

The appellant insists that the application to compel him, as receiver, to pay this judgment was not made in the proper action; that as he was appointed receiver in the action wherein John Van Etten was plaintiff and Isabella Merritt and Jacob De Witt were defendants, the application to compel him to pay any moneys in his hands as receiver could only be made in that action.

There is great force in this contention, both in principle and upon authority.

While we must assume that this action, which was prosecuted with the leave of the court, was properly brought, and for the purposes of this motion that the judgment therein is valid as against the receiver as such, and correctly fixed his liability to the plaintiff, and that execution thereon, while it could not be levied on property in the hands of the receiver, as the same was constructively in the possession of the court through its receiver, the court could, in that action, in which he was receiver, make an order which would properly reach any trust estate in his hands as receiver. (*Walling* v. *Miller*, 108 N. Y. 177.)

But, as he was not receiver in this action, it is difficult to see upon what principle he can be punished as for contempt, and subjected to fine and imprisonment for the failure to pay a judgment in an action in which he is not a receiver, and for the payment of which he has no trust funds.

Doubtless, as an officer of the court, he would be amenable to the order of the court for the performance of the duty imposed upon him in the action in which he was appointed. But to hold him guilty of a contempt of court for failure to pay any and all judgments recovered against him as receiver, would be imposing upon him liabilities which he could not foresee when he accepted the trust, and which do not arise out of the trust itself.

But this question seems settled upon authority of many well-considered cases.

In *Walling* v. *Miller* (108 N. Y. 177) the rights of a party having a lien by judgment and execution on property in the hands of a receiver were clearly pointed out where the lien of the execution had attached before the appointment of the receiver, and the court says :

" The lien of the execution was not destroyed by the appointment of a receiver, but the rights and interests of all parties in the property were thereafter to be adjusted by the court which appointed the receiver, and the property could not be taken out of the possession of the receiver and sold upon the execution without leave of the court. The execution creditor could bring his lien to the attention of the court in the action in which the receiver was appointed, and ask to have the execution satisfied out of the proceeds of the property."

Such a course would be manifestly just to all parties claiming an interest in the property, as in that action Van Etten, who, by the judgment in ejectment, was adjudged entitled to the property, the defendant in that action who is now claiming the proceeds of the property of the receiver, and the receiver, who, as the officer of the court, stood indifferently between the claimants, liable to hand the proceeds of the property to the one entitled to the same, would all be before the court, to do and receive what might be adjudged for or against them respectively. In no other way could the rights of Van Etten, Merritt and the receiver be fully adjusted as to all the parties.

Clearly, if, by the judgment in the ejectment case, any property in the constructive or actual possession of the receiver was adjudged to belong to the plaintiff in that action, the receiver should not in this action be compelled to pay it over to the defendant, or to account and pay over to her the proceeds or value of the same, and all the parties to that action, as well as the receiver, should be before the court in a motion in that action for a complete determination of the rights of all the parties.

In *Rinn* v. *Astor Fire Insurance Co.* (59 N. Y. 148) the plaintiff brought an action against the defendant on a policy of the defendant, and pending the action the defendant became insolvent,

and in an action in equity by another party a receiver was appointed. Subsequent to the appointment the plaintiff recovered a judgment against the defendant, and thereafter moved in his action to compel the receiver who had been appointed in the equity action to pay the judgment. ANDREWS, J., in delivering the opinion of the Court of Appeals reversing the decision of the General Term granting such motion, uses this language :

" Without considering or passing upon the question whether the plaintiff has a remedy, or was, or is entitled to a distributive share in the fund which came to the hands of the receiver, we reverse the order of the General Term on the ground that her remedy, if it exist, must be sought by application to the court in the district in which the receiver was appointed, and in the action in which the appointment was made."

*In the Matter of the Petition of Mallory, Collector, etc.* (18 N. Y. St. Repr. 499), DWIGHT, J., says : " The rule seems to be well established that, for the purpose of reaching funds in his hands, the application must be made in the action in which the receiver was appointed."

We have been referred to no adjudication which breaks the force of the decisions above referred to, and are of opinion that in principle they are analogous to the case at bar.

It is urged by the learned counsel for the respondent that the defendant, as receiver and an attorney, is an officer of the court and must obey its orders ; but the answer to that seems to be that as receiver he is not an officer of the court in this action, and as an attorney of the court he sustains no fiduciary relations to this plaintiff, and, as such, holds no trust funds belonging to her.

Without considering the other questions raised by the appellant, we think the order of the Special Term, for the reasons above suggested, was erroneous and should be reversed.

Order reversed, with ten dollars costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred in result.

Order reversed, with ten dollars costs and disbursements.